# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1872V
(not to be published)

| | |
|---|---|
| KELVIN HERNANDEZ GONZALEZ,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: August 18, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Travel Costs |

*Roberto E. Ruiz-Comas*, RC Legal & Litigation Services PSC, San Juan, PR, for Petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 6, 2018, Kelvin Hernandez Gonazlez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré syndrome resulting from adverse effects of an influenza vaccine received on November 18, 2015. (Petition at 1). On May 24, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 70).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 21, 2022 (ECF No. 77), requesting an award of $138,776.32 (representing $121,069.00 in fees and $17,707.32 in costs). In addition, and in accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred out-of-pocket expenses in the amount of $289.83. (ECF No. 74). Respondent reacted to the motion on June 24, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 78). On June 24, 2022, Petitioner filed a reply reiterating his fees request. (ECF No. 80).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Roberto Ruiz-Comas at the following rates: $300 per hour for 2017; $350 for 2018; $360 for 2019; $370 for 2020; $380 for 2021; and $400 for 2022. (ECF No. 77-1). These rates are reasonable and consistent with what has previously been awarded for work performed by Mr. Ruiz-Comas, and will therefore be awarded herein.

## ATTORNEY COSTS

Petitioner requests $17,707.32 in overall costs. (ECF No. 77-1 at 22). This amount is comprised of obtaining medical records, expert costs, and mileage costs. I have reviewed the requested costs and find the majority of them to be reasonable, with a few exceptions where costs have not been substantiated with any supporting documentation. These costs include all mileage and tolls to Arecibo, Puerto Rico, for a total amount of **$418.60**.[3] (Id). Amounts regarding these charges have been grouped together as one cost entry for each occurrence. As the number of miles travel, the cost per mile, calculated and supporting documentation for toll charges cannot be substantiated, those costs will not be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. **Accordingly, Petitioner is awarded the total amount of $138,647.55[4] as follows:**

---

[3] This amount consists of four charges at $44.65 each and four charges at $60.00 each for a total of $418.60.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

3

- **A lump sum of $138,357.72, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, INTOVACC, LLC; and**

- **A lump sum of $289.83, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.